IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV390-1-MU

| | |
|---|---|
| RICARDO DARNELL JONES, )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>BUNCOMBE COUNTY SHERIFF )<br>   DEP'T, <u>et al.</u>, )<br> )<br>   Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), Plaintiff's Motion for In Camera Review (Doc. No. 2), and Plaintiff's Motion to Appoint Counsel (Doc. No. 4), all filed August 19, 2008.

In his Complaint Plaintiff alleges that on September 2, 2007, Defendant Curry Ray, a correctional officer at the Buncombe County Detention Center, assaulted him by repeatedly slamming his face against a wall. Plaintiff alleges that Defendant Ray then continued to beat him after he was placed in a segregated cell. Plaintiff contends that as a result of this alleged excessive force he suffers from "head, back and neck pain."

Plaintiff also names two internal affairs investigators, Van Duncan and Salyer, as defendants. Plaintiff alleges that when he contacted Defendant Salyer he was informed that his claim against Curry Ray had been dismissed. Plaintiff alleges that he then requested that Defendant Salyer send him all documentation relating to the investigation but that Defendant Salyer did not comply with his request. Plaintiff states that he later called Defendant Calhoun and requested that he speak with

Defendant Salyer and order him to send Plaintiff the documents he had requested. Plaintiff states that no documents were ever sent to him

As an initial matter, Plaintiff lists the Buncombe County Sheriff's Department as a defendant. Plaintiff has not alleged that the unconstitutional action executed a governmental custom or policy. Consequently the Buncombe County Sheriff's Department is dismissed from this matter. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978).

Plaintiff also makes a generalized allegation that Van Duncan and Lt. Salyer did not properly investigate his complaint concerning the alleged excessive force used by Defendant Ray.[1] A claim must contain specific factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989)(minimum level of factual support required). Plaintiff's generalized complaint against Van Duncan and Lt. Salyer fails to meet this burden. The fact that his claim was dismissed does not, by itself, support a constitutional claim. See also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(there is no constitutional right to participate in grievance proceedings) .

After a careful review of the record, the Court finds that Defendant Ray should file an answer detailing Plaintiff's allegations and responding to each

In conjunction with his Complaint, Plaintiff has filed a motion requesting that the Court appoint counsel to assist him with his case. Appointment of counsel in civil cases is discretionary. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional

---

[1] To the extent Plaintiff is basing his claim on these individuals alleged failure to send him copies of the entire file concerning the alleged excessive force incident that is the basis of this Complaint, such an allegation fails to state a claim. A prisoner has no right to copies of internal investigation files.

circumstances." Id.; Cook v. Bounds, 518, F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and the ability of the pro se litigant to present his case. Whisenant, 739 F.2d at 163. At this time, Plaintiff is adequately representing himself.

Plaintiff has also filed a Motion for In Camera Review requesting that this Court order the Buncombe County Sheriff's Department to file with the Court and provide to Plaintiff all documents regarding the internal affairs investigation of Ray Curry regarding his alleged assault of Plaintiff. Plaintiff's request is, at best, premature.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for In Camera Review is **DENIED**;

2. Plaintiff's Motion for Appointment of Counsel is **DENIED**;

3. The Buncombe County Sheriff's Department, Defendant Van Duncan, and Defendant Salyer are **DISMISSED** from this lawsuit; and

4. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process on Defendant Curry Ray without additional cost.

Signed: September 2, 2008

Graham C. Mullen
United States District Judge