IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV390-1-MU

| | |
|---|---|
| RICARDO DARNELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BUNCOMBE COUNTY SHERIFF ) | |
| DEP'T, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment (Doc. No. 33), filed October 21, 2008; Plaintiff's Motion to Appoint Counsel (Doc. No. 34), filed October 21, 2008; and Plaintiff's Motion for Two Names and Subpoenas (Doc. No. 37), filed October 28, 2008.

Plaintiff again asks this Court to enter a default judgment against Defendant Ray. Again this Court will state that Defendant Ray has filed a response to Plaintiff's Complaint. Plaintiff's Motion for Default Judgment is denied.

Plaintiff also again asks this Court to appoint him counsel. As the Court has previously stated, appointment of counsel in civil cases is discretionary. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518, F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and the ability of the pro se litigant to present his case. Whisenant, 739 F.2d at 163. At this time, Plaintiff is adequately representing himself. Plaintiff's

Motion for Appointment of Counsel is denied.

Finally, Plaintiff has asked this Court for the full names of two inmates because he asserts that they will need to be subpoenaed. No hearing or trial date has been set. As such, Plaintiff's request to subpoena these two witnesses is premature.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Default Judgment is **DENIED**;

2. Plaintiff's Motion for Appointment of Counsel is **DENIED**; and

3. Plaintiff's Motion for Two Names and Subpoenas is **DENIED.**

Signed: November 18, 2008

Graham C. Mullen
United States District Judge