IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV390-1-MU

| | | |
|---|---|---|
| RICARDO DARNELL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| BUNCOMBE COUNTY SHERIFF | ) | |
| DEP'T, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Appointment of Counsel (Doc. No. 52), filed December 30, 2008, and Plaintiff's Motion for Discovery (Doc. No. 51), filed December 23, 2008.

Plaintiff has filed another motion requesting that the Court appoint him counsel to assist him with his case. Appointment of counsel in civil cases is discretionary. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." <u>Id.</u>;<u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. <u>Whisenant</u>, 739 F.2d at 163. At this time, the Plaintiff is adequately representing himself and his motion is again denied.

Plaintiff also requests that this Court issue an order compelling Defendant to comply with various discovery requests. Defendant has not yet filed a dispositive[1] motion. As such, Plaintiff's requests are, at best, premature.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel is **DENIED;** and

2. Plaintiff's Motion for Discovery (Doc. No. 51) is **DENIED.**

Signed: January 8, 2009

Graham C. Mullen
United States District Judge

---

[1] Petitioner has indicated in his filing with Court that he is unfamiliar with term "dispositive motion." A "dispositive motion" is a motion by a party, usually a defendant, that argues why a claim or claims should be dismissed without a trial. Once a dispositive motion has been filed, the opposing party is given a chance to respond.